Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Crosby S. Connolly, (SBN: 286650)
crosby@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

Attorneys for Sara M. Kelley

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| Sara M. Kelley | Case No: '13CV0629 MMA WVG |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | |
| Law Office of Mitchell N. Kay, P.C. and Hunt & Henriques | **Jury Trial Demanded** |
| Defendants. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Sara M. Kelley, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of the Law Office of Mitchell N. Kay, P.C, ("Mitchell") and Hunt & Henriques, ("Hunt & Henriques), collectively, ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

//

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Because Defendants conduct business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

12. At all times relevant, Defendants conducted business within the State of California.

## PARTIES

13. Plaintiff is a natural person who resides in the City of San Diego, State of California.

14. Defendant, Mitchell, is located in the City of Smithtown, in the State of New York.

15. Defendant, Hunt & Henriques, is located in the City of San Jose, in the State of California.

16. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

18. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from

Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

19. Defendants, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

20. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

21. Sometime before January 29, 2013, Plaintiff is alleged to have incurred certain financial obligations.

22. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

23. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

24. Sometime thereafter, but before April 8, 2010, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.

25. Subsequently, but before April 8, 2010, the alleged debt was assigned, placed, or otherwise transferred by Capital One Bank (USA), N.A., to Mitchell for collection.

26. On or about April 8, 2010, Mitchell mailed Plaintiff a proposed Settlement Agreement, the purpose of which was to agree to have Plaintiff pay a reduced amount of the alleged debt Plaintiff incurred with Capital One Bank (USA), N.A. Mitchell's April 8, 2012 letter stated that Plaintiff would pay Mitchell, on behalf of Capital One Bank (USA), N.A., a "first payment [in] the sum of $2,500.00" followed by $25.00 monthly payments "to be received by this office on or before the 9th of each month for 71 months from May 2010 through March 2016 consistently."

27. All parties agreed to the terms and conditions of Mitchell's proposed Settlement Agreement.

28. On or about May 9, 2010, the $25.00 first of the monthly payments was then automatically withdrawn from Plaintiff's bank account, as agreed upon under the Settlement Agreement.

29. On or about April 9, 2010, pursuant to the terms of Plaintiff and Mitchell's Settlement Agreement, Plaintiff paid the initial $2,500.00, by check, to Capital One Bank (USA), N.A.

30. As agreed upon under Plaintiff and Mitchell's Settlement Agreement, Mitchell automatically withdrew $25 a month for 28 months, in descending sequential check numbers, from May 2009 through August 2012. At all times, these automatic payments were made payable to Capital One Bank (USA), N.A.

31. In September 2012, Plaintiff's automatic payments abruptly, and without Plaintiff's permission, ceased to be automatically withdrawn from Plaintiff's bank account as agreed upon under Plaintiff and Mitchell's Settlement Agreement. Mitchell (1) never contacted Plaintiff to place her on notice that Mitchell was ceasing automatic withdrawal from Plaintiff's bank account, (2) nor did Mitchell contact Plaintiff to place Plaintiff on notice that Mitchell intended to modify Plaintiff's and Mitchell's Settlement Agreement.

32. In September, 2012, at the time Mitchell ceased automatically withdrawing the agreed upon $25 monthly withdrawals from Plaintiff's bank account, Plaintiff had paid a total of $3,200.00 of the $4,295.00 agreed upon under Plaintiff and Mitchell's Settlement Agreement. As such, as of September, 2012, Plaintiff only owed a remaining balance of $1,095.00 under Plaintiff and Mitchell's Settlement Agreement.

33. On or around November 7, 2012, Defendant, Hunt & Henriques contacted Plaintiff by mailed correspondence, stating that Plaintiff owed a remaining balance on her Capital One Bank (USA), N.A. debt in the amount of $2,746.00. Contrary to Hunt & Henriques allegations against Plaintiff, Plaintiff only owed a balance to Capital One Bank (USA), N.A. in the amount of $1,095.00, represented by the remaining amount Plaintiff owed pursuant to the terms of Plaintiff's and Mitchell's Settlement Agreement.

34. Through this conduct, Hunt & Henriques made a false representation concerning the character, amount, or legal status of a debt. Consequently, Hunt & Henriques violated 15 U.S.C. § 1692e(2)(A).

35. Through this conduct, Hunt & Henriques used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Hunt & Henriques violated 15 U.S.C. § 1692f.

36. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

37. On or around November 15, 2012, Plaintiff sent Hunt & Henriques a letter disputing the alleged debt in the amount of $2,746.00.

38. To date, Plaintiff has paid $3,200.00 of the total $4,295.00 agreed upon under Plaintiff's and Mitchell's Settlement Agreement, however, Hunt & Henriques claim that Plaintiff owes $2,746.00 of the $4,295.00 Settlement Agreement,

|   |   |   |
|---|---|---|
| 1 |   | which is $1,651.00 more than Plaintiff owes Capital One Bank (USA), N.A., |
| 2 |   | pursuant to the terms of Plaintiff and Mitchell's Settlement Agreement. |
| 3 | 39. | By demanding Plaintiff to pay $1,651.00 more than Plaintiff is required to pay |
| 4 |   | under Plaintiff and Mitchell's Settlement Agreement, Hunt and Henriques has |
| 5 |   | breached the terms of Plaintiff and Mitchell's Settlement Agreement. |

## CAUSES OF ACTION
## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
## 15 U.S.C. §§ 1692 ET SEQ.
## (AS TO ALL DEFENDANTS)

40. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

41. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

42. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

//
//
//
//
//
//

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

### (AS TO ALL DEFENDANTS)

43. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

44. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

45. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

//
//
//

46. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: March 14, 2013             By: s/Crosby S. Connolly
                                      Crosby S. Connolly
                                      Attorneys for Plaintiff